UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISAAC ARNETT,<br><br>                      Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                      Defendant. | NO. C2:13-CV-01996-MJP-JLW<br><br>REPORT AND RECOMMENDATION |

<u>BASIC DATA</u>

Type of benefits sought:

    (X) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex: Male

    Age: 52 at alleged onset date, 54 at ALJ hearing

Principal Disabilities Alleged by Plaintiff:

    Plaintiff testified to ongoing pain with his leg which was severely broken in a motorcycle accident in February 2010 when a car pulled out in front of him.  His leg was surgically reconstructed.  His head was also hit during the accident and he alleges headaches and cognitive deficits since the accident.  Hearing counsel requested examination for head injury or organic brain syndrome, which the ALJ denied.  AR 17.

Disability Allegedly Began: February 6, 2010

Principal Previous Work Experience: Jazz dancer, cook, and truck driver.

Plaintiff Last Worked: He was last employed as a truck driver in December 2008.

REPORT AND RECOMMENDATION - 1

Education Level Achieved by Plaintiff: GED and two years of college

## PROCEDURAL HISTORY – ADMINISTRATIVE

Before ALJ Verrell Dethloff:

    Date of Hearing: July 9, 2012, hearing transcript AR 46-78

    Date of Decision: July 27, 2012

    Appears in Record at: AR 17-39

    Summary of Decision:

        Claimant has not engaged in substantial gainful activity since his alleged onset date, February 6, 2010; he has severe impairments of status post left lower extremity fracture, personality disorder, and affective disorder. Claimant has non-severe impairments of status post head injury, high blood pressure, and right shoulder/neck pain. He has a rule out diagnosis for traumatic brain injury. His impairments, even in combination, do not qualify under the Listings.

        He has the RFC to perform light work, subject to certain limitations including avoiding concentrated exposure to hazards. He cannot climb. He can perform simple, repetitive work and would work best away from the general public.

        He cannot perform any of his past relevant work. Application of the Medical-Vocational Guidelines shows there are light, unskilled jobs he can perform. This establishes he can perform substantial work which exists in the national economy and requires a finding of "not disabled."

Before Appeals Council:

    Date of Decision: September 24, 2013

    Appears in Record at: AR 1-6

    Summary of Decision: declined review

## PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff  (X) Commissioner

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

(X)  Reverse and remand to the ALJ for further administrative proceedings.

REPORT AND RECOMMENDATION - 2

## SUMMARY OF RECOMMENDATION

There is merit to some of Plaintiff's assignments of error, particularly that the ALJ did not provide sufficient reasons to dismiss the opinions expressed by examining psychologists, Drs. Cunningham and Daley, and treating physician, Dr. Mata, proper crediting of which would change his RFC. The court should therefore remand the case for the ALJ to credit-as-true the opinions of Drs. Cunningham, Daley, and Mata. The ALJ should also credit-as-true Plaintiff's pain allegations. ALJ then should make new determinations as to severe impairments, both mental and physical, and make a new determination of RFC. Finally, he must make a new "other work" determination at step five, securing the testimony of a VE as necessary.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.

## EVALUATING DISABILITY

The claimant, Mr. Arnett, bears the burden of proving he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the

REPORT AND RECOMMENDATION - 3

national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

## ISSUES ON APPEAL

1. Did the ALJ err in assessing the opinions of treating physician, Dr. Mata?
2. Did the ALJ err in assessing the opinions of examining psychologists?
3. Did the ALJ err in assessing Plaintiff's severe impairments?
4. Whether evidence submitted to the Appeals Council undermines the decision?
5. Did the ALJ err in assessing Plaintiff's credibility?
6. Were the ALJ's errors harmless?

Dkt. No. 18.

## DISCUSSION

***Treating Physician, Dr. Mata***

When first treating Plaintiff in September 2010, Dr. Mata opined he could perform the full range of medium work. AR 535. But later, in April 2011, Dr. Mata opined he could only stand for one to two hours in an eight hour workday, reflecting an RFC between sedentary and light work. AR 569. Dr. Mata diagnosed Plaintiff with possible complex regional pain syndrome due to ongoing pain in his left leg, suspected neuropathy/nerve damage, and opined he had a cognitive dysfunction which was "most likely post traumatic brain injury syndrome." AR 510, 516.

REPORT AND RECOMMENDATION - 4

As a treating physician, Dr. Mata's opinion is generally entitled to controlling weight. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the ALJ rejects a treating or examining physician's opinion that is contradicted by another doctor, he must provide specific, legitimate reasons based on substantial evidence in the record. *Id.* at 830-31; *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Dr. Mata's opinion is contradicted by the opinions of nonexamining medical consultant Drs. Haynes and Dr. Platter who found Plaintiff capable of at least light work. Therefore, the ALJ must provide specific and legitimate reasons for rejecting Dr. Mata's treating-physician opinion.

The ALJ gives reduced weight to Dr. Mata's opinion because: (1) it is contradicted by Dr. Haynes' and Dr. Platter's reviewing (non-examining) opinions that he is capable of at least light exertional work. AR 31. (2) Dr. Mata changed Plaintiff's RFC "without explanation" to sedentary/less than light. AR 24-25. (3) Dr. Mata's opinion that he has a cognitive impairment is not given weight because he is not a neurologist or psychiatrist and because "the predicate for his conclusions is not explicated." AR 31. (4) The ALJ concludes: "[m]oreover, Dr. Mata eviscerates this notion himself with his comment regarding Muncahusen's and secondary gain." AR 31.

That Dr. Mata's opinions are contradicted by non-examining, reviewing medical consultants Dr. Haynes and Dr. Platter, serves to lower the standard of review from clear and convincing to specific and legitimate, and is not in itself a sufficient reason to weigh opinions of nonexamining physicians over the opinion of a treating physician.

Of the ALJ's provided reasons, only reason number three is legitimately based. Regarding Plaintiff's *mental* limitations, the ALJ explains Dr. Mata's opinion of a cognitive impairment is not given weight because he is not a neurologist or psychiatrist." AR 31. An ALJ may rely on the opinion of a nonexamining specialist over a treating physician. *See* 20

C.F.R. § 404.1527(c)(5); *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995); *Holohan v. Massanari*, 246 F.3d 1195, 1203 (9th Cir. 2001). The ALJ relied instead on the specialist opinion of Dr. Haynes, a neurologist, in deciding Plaintiff had no limitations from a cognitive impairment. AR 29. Dr. Haynes testified that although Plaintiff did suffer a blow to his head in a motorcycle accident, "The imaging studies have been normal and I don't see cognitive impairment." AR 67. The court finds the ALJ did not err in giving greater weight to Dr. Haynes' expert neurologic opinion over Dr. Mata's mental RFC opinion. Such resolution of conflicting medical opinions is a determination for the ALJ. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

However, the ALJ's fourth reason for discounting Dr. Mata's mental RFC opinion, that he "eviscerates this notion [of cognitive impairment] himself with his comment regarding Munchausen's and secondary gain" is unsupported by the record. Plaintiff's credibility assessment is discussed further below. Regardless, this is not a legitimate reason to dismiss Dr. Mata's treating opinion based on what the record reveals. Dr. Mata notes "There are secondary gain issues, but I do **not** believe that the patient is being manipulative." AR 512 (emphasis added). Dr. Mata also noted that he found a "degree of Munchausen's in the patient and most definitely by proxy with his partner." AR 512. However, the ALJ does not explain any logical connection by which Dr. Mata's comments regarding Munchausen's[1] render his opinion of a possible cognitive impairment unreliable.

---

[1] Munchausen syndrome is a factitious disorder, a mental disorder in which a person repeatedly and deliberately acts as if he or she has a physical or mental illness when he or she is not really sick. **Munchausen syndrome is considered a mental illness because it is associated with severe emotional difficulties**. People with factitious disorders behave this way because of an

REPORT AND RECOMMENDATION - 6

1  The ALJ's reasoning that Dr. Mata lowered the opined (physical) RFC "without
2  explanation" is not supported by the record.  After referring Plaintiff to an orthopedic specialist
3  for treatment of his ongoing leg pain, the record indicates Dr. Mata added to his original
4  diagnosis, finding Plaintiff likely suffered from neuropathy/nerve damage or Complex
5  Regional Pain Syndrome related to his leg injury.  AR 510-529, 569.  This is supported by the
6  record which shows during the time between Dr. Mata's two RFC opinions Plaintiff went to
7  the ER with severe leg pain and spasms (AR 392), and also that an orthopedist treated his leg
8  with injections and discussed surgical options.  AR 381, 389.  It was after all this transpired
9  that Dr. Mata modified the diagnosis and lowered Plaintiff's physical RFC.  Based on evidence
10 in the treatment record, the ALJ does not give legitimate reasons for dismissing treating
11 physician Dr. Mata's opinion regarding Plaintiff's physical limitations.

12  In sum, although the ALJ made some unsupported conclusions, there is one legally
13 sufficient reason for dismissing Dr. Mata's opinion regarding Plaintiff's mental functioning—
14 that a the opinion of Dr. Haynes, a nonexamining specialist trumps the opinion of Dr. Mata.
15 However, regarding Dr. Mata's opinion regarding his physical functioning, the ALJ does not
16 provide legally sufficient reasons for not fully crediting it.  Therefore, this court and therefore
17 the Commissioner must credit Dr. Mata's opinion in this regard as true.  *See Garrison v.*
18 *Colvin*, _F.3d_ (9th Cir. 2014) WL 3397218 at *20.

### *Dr. Cunningham and Dr. Daley*

The ALJ assigned "no weight" to the mental health opinions of examining psychologists, Dr. Cunningham and Dr. Daley.  AR 32.  The ALJ states this is because they are "inconsistent with the longitudinal record and the claimant's notable lack of credibility."

---

inner need to be seen as ill or injured, **not to achieve a clear benefit, such as financial gain**. Source: http://www.webmd.com/mental-health/munchausen-syndrome (emphases added).

REPORT AND RECOMMENDATION - 7

Plaintiff's credibility assessment is discussed below wherein the court finds the ALJ's assessment in error.  Additionally, the ALJ does not specify what aspects of the doctors' opinions are inconsistent with the "longitudinal record."  It is impossible for the court to analyze whether this reason is legitimate when it is not sufficiently specific.  Notably, the two doctors' examining opinions appear to support each other.

First, in November 2010, Dr. Daley opined Plaintiff had serious depression and may have an organic mental syndrome, possible traumatic brain injury, and recommended neuropsychological assessment.  He found Plaintiff to have a GAF of 45 but stressed that further, specialized testing is required to properly assess his symptoms.  AR 365-77.

Later, in April 2011, Dr. Cunningham administered a detailed series of psychological tests.  She found Plaintiff severely or markedly limited in all areas of functioning, severe in five categories, with very serious psychological problems.  AR 399-414.  Dr. Cunningham determined his IQ is 79, in the 8th percentile and borderline range, and that his processing speed is extremely low, in the 1st percentile, causing him difficulty understanding questions and directions.  AR 405.  Dr. Cunningham notes Plaintiff has severe depression and anxiety and meets the criteria for ADHD due to difficulty concentrating and completing tasks, but that he probably did not before his accident, suspecting it caused by head trauma from the accident.  Dr. Cunningham notes that Plaintiff once attended college but now has difficulty following simple directions.  Dr. Cunningham concludes Plaintiff will be unable to obtain or sustain a job and should be on SSI or SSD.  AR 405.

The ALJ also takes issue with Dr. Cunningham's opinion on Plaintiff's GAF score and physical limitations because there is little evidence to support it and because it is inconsistent with Plaintiff's activities such as gardening, yard work, and shopping.  AR 32.  The ALJ instead relies on "Dr. Ring's opinion" regarding Plaintiff's physical abilities and her opined

REPORT AND RECOMMENDATION - 8

GAF score of 65, giving it "substantial weight." AR 32. However, the record shows Sally Ring, M.Ed., C.D.P., is not a doctor but a person with a master's degree in education and is a Chemical Dependency Professional. AR 615. Ironically, the ALJ dismisses Dr. Cunningham's opinion regarding physical abilities because she is a "Ph.D. instead of an M.D., she does not have the medical education, training and expertise to render such an opinion." AR 32. However, neither does Ms. Ring. Thus, the ALJ's reliance on Ms. Ring's opinion over Dr. Cunningham's is not supported by legitimate reasons.

The ALJ does not specify what of the doctors' psychological opinions are inconsistent with the longitudinal evidence of record. AR 32. Of particular concern is Dr. Cunningham's opinion which is based in part on objective psychological testing. Defendant's brief argues facts in the record, in an attempt to justify the ALJ's conclusion. However, this court cannot rely on grounds the ALJ did not originally invoke. *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). Because the ALJ does not provide legally sufficient reasons for discrediting Dr. Cunningham's and Dr. Daley's psychological opinions, this court credits those opinions as true. *See Garrison v. Colvin*, _F.3d_ (9th Cir. 2014) WL 3397218 at *20 ("…the credit-as true rule applies to medical opinion evidence, not only claimant testimony.") (citations omitted).

*Severe Impairments at Step Two of the Disability Evaluation*

Plaintiff asserts the ALJ erred in failing to find his diagnoses of Borderline Intellectual Functioning and Complex Regional Pain Syndrome "severe" impairments under Social Security regulations. Plaintiff argues the medical evidence supports finding additional RFC limitations associated with these impairments. Plaintiff asserts that if Dr. Cunningham's opinion as to his mental RFC and Dr. Mata's opinion regarding his physical RFC were properly credited, he would be found conclusively disabled.

REPORT AND RECOMMENDATION - 9

1  Defendant argues he passed the step two screening threshold and therefore it does not
2  matter what impairments were considered severe, just that the ALJ found he has some severe
3  impairment such that his claim was not dismissed but continued on to subsequent steps.
4  Defendant argues "an omission of an impairment as severe does not affect the ultimate
5  nondisability finding." Dkt. 22 at 18. The court notes this may be true if the impairments in
6  question are factored into the RFC. However, here, it is not clear that the ALJ did so,
7  particularly in light of the errors noted above.

8  The medical evidence suggests the ALJ should have found these impairments severe at
9  step two if the opinions of Drs. Cunningham and Mata were credited as discussed above. On
10 remand, the ALJ should reassess Plaintiff's severe impairments and factor in the impact on his
11 RFC.

*New Evidence Submitted to the Appeals Council*

After the ALJ's denial, Plaintiff submitted additional evidence to the Appeals Council. Among the evidence submitted was a February 2012 psychological evaluation by Dr. Holly Petaja, Ph.D. AR 798-800. Plaintiff asserts this evidence supports finding disability or at least remand for a new hearing. Dkt. 18 at 11-13. The issue is whether the later-acquired evidence undermines substantial evidence supporting the ALJ's decision. *See Brewes v. Comm'r. Soc. Sec. Admin*., 682 F.3d 1157, 1163 (9th Cir. 2012) ("When the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."). However, here, the court finds aspects of the ALJ's decision are not supported by substantial evidence and remands for further proceedings on those issues. The court notes Dr. Petaja's opinion that Plaintiff is limited in his

ability to perform routine tasks and in other areas (AR 799) appears to partially support the opinions of Drs. Cunningham and Daley, discussed above. Dr. Petaja's examining opinion is now a part of the administrative record. Therefore, on remand, the ALJ will have the opportunity to review it. On remand, the ALJ should consider Dr. Petaja's opinion, particularly in light of the credited-as-true opinions of Drs. Cunningham and Daley, and explain the weight it is accorded.

*Plaintiff's Credibility/Allegations of Pain*

The ALJ determined that Plaintiff's subjective symptoms are not supported by objective evidence. AR 29. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony about the severity of her symptoms. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, because there is no cited evidence or finding of malingering, the clear and convincing standard applies. The ALJ gives four reasons for finding Plaintiff's symptom allegations not fully credible: (1) objective evidence does not fully support his subjective symptoms; (2) evidence of "drug-seeking" behavior; (3) his daily activities to not comport with allegations of disability; (4) issues of secondary gain: he owes bill collectors $15,000-$20,000 which "erodes his credibility to some extent." AR 29-30.

(1) Objective evidence: The ALJ notes the evidence shows his left leg break has healed and that the surgical hardware has remained in place. AR 29-30. However "subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Moreover, there

REPORT AND RECOMMENDATION - 11

1  is other objective medical evidence in the record indicating Plaintiff still has problems with this

2  leg.  For example he reportedly walks with a limp (AR 384, 695) and has leg cramps (AR 700).

3  (2) Drug seeking: There is some minimal evidence in the record that suggests Plaintiff

4  may have been "drug-seeking" narcotics.  However, Plaintiff's primary complaint is severe

5  pain; therefore seeking narcotic pain relief does not necessarily undermine his symptom

6  complaint.  Initially, treating physician Dr. Mata noted suspicion he was seeking narcotics but

7  several months later, following referral to an orthopedist and an ER visit for leg tremors, Dr.

8  Mata diagnosed Complex Regional Pain Syndrome and opined nerve damage in his leg.  AR

9  510-12, 516.  In March 2011 Dr. Mata noted his leg pain had increased and that his current

10 medication was not working but that Plaintiff specifically did **not** want to take narcotic pain

11 medication.  AR 515.  Given the medical history, and the ultimate opinion of treating physician

12 Dr. Mata, there is not substantial support in the record that drug-seeking behavior undermined

13 Plaintiff's credibility.

14 (3) Activities: The ALJ found some of Plaintiff's activities inconsistent with his

15 subjective symptoms.  AR 30.  The ALJ cites Plaintiff's testimony regarding planting a garden,

16 shopping, and engaging in a variety of routine daily activities.   Examination of Plaintiff's

17 hearing testimony reveals that Plaintiff also testified he takes frequent breaks due to pain, can

18 only stand for fifteen to twenty minutes, and that he spends a quarter to a third of his day

19 laying down.  AR 56-57.  Thus, consideration of the entirety of Plaintiff's testimony does not

20 support this reason.

21 (4) Secondary gain: the ALJ found Plaintiff's financial debt as another reason for

22 discounting his credibility.  Dr. Daley reported Plaintiff said he owed fifteen to twenty

23 thousand dollars for his truck driving business that went under in 2008 when his rig broke

24 down and he did not have the money to repair it.  AR 369, 374, 377.  Secondary gain may be a

REPORT AND RECOMMENDATION - 12

permissible factor to consider. *Gallant v. Heckler*, 753 F.2d 1450, 1458-59 (9th Cir 1984). But here it is not a convincing reason alone for dismissing Plaintiff's symptom allegations, particularly in light of Plaintiff's medical history and consistent complaints to his treating physician. Thus, the court finds the ALJ did not provide clear and convincing reasons for discrediting Plaintiff's symptom allegations. Therefore the court should credit Plaintiff's pain testimony as true. *See Garrison v. Colvin*, _F.3d_ (9th Cir. 2014) WL 3397218 at *19 ("…where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony. Rather, we will ... take that testimony to be established as true.") (citations omitted).

*The ALJ's errors were harmful.*

The multiple errors in the ALJ's decision affected the RFC determination. The ALJ did not include physical limitations opined by treating physician Dr. Mata, or mental limitations opined by examining psychologists Drs. Cunningham and Daley, and did not appropriately credit Plaintiff's pain allegations. On remand, once the ALJ credits as true the opinions of Dr. Cunningham, Daley and Mata as well as Plaintiff's pain allegations and makes a new determination as to RFC, he must make a new determination as to "other work" at step five. If the Medical-Vocational Guidelines are no longer dispositive of Plaintiff's claims the ALJ will be required to secure the testimony of a vocational expert in making the final disability determination.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be REVERSED and the case be REMANDED for further administrative proceedings.

REPORT AND RECOMMENDATION - 13

On remand, the ALJ should:

(1) Weigh and consider the additional opinion of Dr. Petaja;

(2) Credit-as-true the mental limitation opinions of Drs. Daley and Cunningham;

(3) Credit-as-true the physical limitation opinion of Dr. Mata;

(4) Credit-as-true Plaintiff's pain allegations;

(5) Reassess Plaintiff's severe impairments at step two;

(6) Formulate a new RFC based on the record and corrections as discussed above.

(7) Consult a vocational expert, if the Medical-Vocational Guidelines are precluded, to determine whether there are other jobs Plaintiff could perform in light of his RFC.

A proposed order accompanies this Report and Recommendation. Objections to this Report and Recommendation, if any, must be filed with the Clerk and served upon all parties to this suit no later than fourteen (14) days after the date on which this Report and Recommendation is signed. If no timely objections are filed, the Clerk shall note this matter for the earliest Friday after the deadline for objections, as ready for the Court's consideration. Failure to file objections within the specified time may affect the parties' right to appeal. If objections are filed, any response is due within fourteen (14) days after being served with the objections. A party filing an objection must note the matter for the court's consideration fourteen (14) days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages.

DATED this 22nd day of August, 2014.

_____
JOHN L. WEINBERG
United States Magistrate Judge

REPORT AND RECOMMENDATION - 14